UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTEL RAMONE RILEY,

    Petitioner,

v.

                  CASE NO. 5:09-CV-14131
                  HONORABLE JOHN CORBETT O'MEARA
                  UNITED STATES DISTRICT JUDGE

JEFFERY WOODS,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Martel Ramone Riley, ("Petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for armed robbery, M.C.L.A. 750.529; felonious assault, M.C.L.A. 750.82; resisting and obstructing a police officer causing injury, M.C.L.A. 750.81d(2); and being a second felony habitual offender, M.C.L.A. 769.10. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted of the above charges following a jury trial in the Saginaw County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28

1

U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's conviction arises from an incident in which he drove away from a gas station without paying for gas after filling the tank of his vehicle, and as he made flight from the gas station he dragged a police officer across the parking lot with the vehicle, injuring the officer. The police officer had responded to the scene after station personnel called police regarding defendant's suspicious behavior, and the officer was leaning his body into defendant's vehicle in an attempt to gain control of defendant and turn off the ignition when the vehicle suddenly accelerated, pulling the officer along for the ride.
> 
> *People v. Riley,* No. 277757, * 1 (Mich.Ct.App. September 11, 2008).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 483 Mich. 1070 (2009).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The prosecutor failed to present sufficient evidence of armed robbery. Petitioner's conviction violates his constitutional right to be free of conviction in the absence of proof beyond a reasonable doubt.

II. Petitioner was denied his due process right to a fair trial because the prosecutor introduced evidence and argued that he was a "bad man."

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claim # 1. The sufficiency of evidence claim.**

Petitioner first argues that the trial court erred in failing to direct a verdict of acquittal on the charge of armed robbery, on the ground that there was insufficient evidence to convict him of this charge.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Moreover, in reviewing a state court's application of the *Jackson* standard, a federal habeas court is required to determine whether the state court's application of the law in reviewing a sufficiency of evidence claim was reasonable. *See Tucker v. Palmer,* 541 F. 3d 652, 666 (6th Cir. 2008);

3

*cert. den.* 130 S. Ct. 109 (2009)(citing 28 U.S.C. § 2254(d)(1)). Section 2254(d) "mandates that federal courts give deferential review to state court decisions on sufficiency of evidence claims." *David v. Lavinge,* 190 F. Supp. 2d 974, 985 (E.D. Mich. 2002)(internal citations omitted). The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002). A conviction may rest on circumstantial evidence and a federal habeas court reviewing the sufficiency of evidence to support a conviction need not rule out all possible interpretations of the circumstantial evidence. *Dell v. Straub,* 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002)(internal citations omitted). A conviction may be based upon circumstantial evidence as well as inferences based upon the evidence. *Id.* Finally, the Court does not apply the reasonable doubt standard when determining the sufficiency of evidence on habeas review. *Walker v. Russell*, 57 F. 3d 472, 475 (6th Cir. 1995).

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing M.C.L.A. 750.529; *People v. Allen*, 201 Mich. App. 98, 100; 505 N.W. 2d 869 (1993)). Armed robbery is a specific intent crime for which the prosecutor must offer proof that the defendant intended to permanently

4

deprive the owner of his or her property. *People v. King*, 210 Mich.App. 425, 428; 534 N.W.2d 534 (1995). The requisite intent for the crime of armed robbery may be inferred by a jury from circumstantial evidence. *See People v. Sharp,* 57 Mich. App. 624, 626; 226 N.W. 2d 590 (1975).

Petitioner contends that there was insufficient evidence to convict him of armed robbery, because the force that petitioner used to escape from the police was not contemporaneous with his stealing the gasoline.

In rejecting petitioner's claim, the Michigan Court of Appeals ruled that the evidence established that petitioner used force and violence against the police officer and that he assaulted the officer, while petitioner was in the course of committing a larceny, which under Michigan law includes the period of flight or attempted flight. The Michigan Court of Appeals further ruled that there was sufficient evidence that petitioner engaged in threatening conduct directed at the officer, in light of the fact that petitioner proceeded to accelerate his motor vehicle while the officer's body was still leaning inside the car and then continued driving as the officer was dragged through the parking lot, while the officer struggled to free himself. Finally, there was sufficient evidence to show that petitioner deliberately intended to place the officer in fear and to assault him with the vehicle, as well as sufficient evidence to establish that petitioner deliberately intended to use force and violence against the officer to escape with the stolen property, i.e ., the gasoline. *Riley,* Slip. Op. at * 3 (internal citations omitted).

This Court initially notes that the prosecutor proved that petitioner's use of his

motor vehicle to drive away with the police officer constituted a dangerous weapon, for purposes of the armed robbery statute. The Michigan Court of Appeals has held that an automobile can be considered a dangerous weapon under Michigan's armed robbery statute, when it is "used in a manner to induce the victim's reasonable belief that the article is a dangerous weapon." *See People v. Velasquez*, 189 Mich. App 14, 17; 472 N.W. 2d 289 (1991).

The Court further notes that there was sufficient evidence for a rational trier of fact to conclude that petitioner deliberately intended to put the officer in fear and to assault him with his motor vehicle, in order to flee the gas station without paying for the gasoline. Lavein Freeland, the gas station's general manager, testified that Sergeant Breckenridge asked petitioner, who was sitting in his vehicle, for identification. Sergeant Breckenridge also asked petitioner to turn off his vehicle. Freeland noticed Sergeant Breckenridge reach into the vehicle through the steering wheel column while the door was still opened. Sergeant Breckenridge's arm was still in the vehicle as petitioner drove off. Freeland testified that Sergeant Breckenridge had to jog to keep up with the car. Freeland testified that petitioner accelerated his vehicle and Breckenridge had to run along with the car, while attempting to remove his arm. Sergeant Breckenridge testified that he asked petitioner for his identification and although petitioner acted like he was going to comply, he instead reached for the gear shift. Sergeant Breckenridge told petitioner "don't even try it" and then reached into the vehicle between the steering wheel column in an attempt to shut off the vehicle.

Sergeant Breckenridge was unable to remove his arm from the vehicle as petitioner put the vehicle into drive and accelerated away. Sergeant Breckenridge was dragged 20 feet before he fell to the pavement. Under these circumstances, a jury could infer that petitioner intended to put the officer in fear of being assaulted and that he did so to escape from the gasoline station without paying for the gasoline.

Finally, petitioner's use of force against Sergeant Breckenridge after the gasoline had been taken would be sufficient under Michigan law to support his armed robbery conviction, because the force was used to effectuate petitioner's escape after he had stolen the gasoline. Effective July 1, 2004, the Michigan Legislature amended both the armed robbery and unarmed robbery statutes. *See People v. Morson,* 471 Mich. 248, 265, n. 2, 685 N.W.2d 203 (2004)(Corrigan, J., concurring). In pertinent part, the unarmed robbery statute has now been amended, to include the following definition:

> "As used in this section, 'in the course of committing a larceny' includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property."
> M.C.L.A. 750.530(2).

Michigan's armed robbery statute, M.C.L.A. 750.529, which petitioner was convicted under, states, in pertinent part:

> "A person who engages in conduct proscribed under section 530 and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon," ...is guilty of armed robbery.

7

By amending the robbery statutes, the Michigan Legislature sought to explicitly reinstate what is commonly known as the "transactional approach" to armed and unarmed robbery, under which force that it used after the initial larceny to effectuate flight or escape will be sufficient to establish the elements of robbery. *Morson,* 471 Mich. at 265, n. 2; *Turner v. Warren,* No. 2006 WL 1109300, * 3, n. 3 (E.D. Mich. April 26, 2006). The Michigan Court of Appeals has since held that force that is used after the theft in order to flee or escape is sufficient to establish the elements of armed robbery. *See People v. Passage*, 277 Mich.App 175, 178; 743 N.W. 2d 746 (2007)("[T]he use of any force against a person during the course of committing a larceny, which includes the period of flight, is sufficient under the statute[, and] '[f]orce' is nothing more than the exertion of strength and physical power.").

State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). What is essential to establish the elements of a crime is a matter of state law. *See Sanford v. Yukins,* 288 F. 3d 855, 862 (6th Cir. 2002). A federal habeas court must therefore defer to a state appellate court's construction of the elements of state crimes. *See Coe v. Bell*, 161 F. 3d 320, 347 (6th Cir. 1998). This Court must defer to the Michigan courts' determination that petitioner's use of force to escape after stealing the gasoline was sufficient to establish the elements of armed robbery.

The state trial court's finding that the prosecution had presented sufficient evidence to submit the charge of armed robbery to the jury was reasonable, and thus its denial of petitioner's motion for a directed verdict does not warrant federal habeas relief.

8

*See Shacks v. Tessmer,* 9 Fed. Appx. 344, 351-52 (6th Cir. 2001). Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The prior bad acts evidence claim.**

Petitioner next contends that the prosecutor introduced inadmissible evidence in violation of M.R.E. 404(b) to argue that he was a "bad man." Petitioner specifically points to the fact that the prosecutor elicited testimony from petitioner on cross-examination that he had been required to take an anger management class as a condition of probation for a past criminal offense, that he failed to complete the anger management class, and that petitioner committed the crime of driving on a suspended license.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000); *See also Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 908-09 (E.D. Mich. 2006)(federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th

9

Cir. 2007). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003).

Finally, to the extent that petitioner is arguing that counsel was ineffective for failing to object to the admission of this evidence, this Court notes that the Michigan Court of Appeals ruled that this evidence was admissible because petitioner opened the door to the admission of this evidence through his testimony on direct examination. *Riley,* Slip. Op. at * 3-4.

To prevail on his ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th 2005). Because the Michigan Court of Appeals determined that this

evidence was admissible under Michigan law, this Court must defer to that determination in resolving petitioner's ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 Fed. Appx. 431, 437-38 (6th Cir. 2008). The Michigan Court of Appeals' determination that petitioner was not denied the effective assistance of trial counsel because of counsel's failure to object to the admission of this "bad acts" evidence was not contrary to, or an unreasonable application of, clearly established federal law, and thus did not warrant federal habeas relief, in light of the Michigan Court of Appeals' finding that this "bad acts" evidence was admissible under Michigan law. *See Pearl v. Cason,* 219 F. Supp. 2d 820, 828-29 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his second claim.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at

484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: August 11, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 11, 2010, using the ECF system and/or ordinary mail.

        s/William Barkholz
        Case Manager